IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INMAR, INC. and COLLECTIVE BIAS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MONICA MURPHY VARGAS and MLW SQUARED, INC., d/b/a AHALOGY, <br><br> Defendants. | Case No: 18-cv-2306 <br><br> Judge Charles R. Norgle |

**DEFENDANTS MONICA MURPHY VARGAS AND
MLW SQUARED, INC.'S RESPONSE TO PLAINTIFFS' MOTION
TO SET A DATE FOR STATUS**

Defendants Monica Murphy Vargas ("Ms. Vargas") and MLW Squared, Inc., d/b/a Ahalogy ("Ahalogy") (collectively "Defendants") file this response to Plaintiffs' motion to set a date for status ("Motion"). In support thereof, Defendants state as follows:

1. First and foremost, Defendants would like to set the record straight regarding certain mischaracterizations in the Motion. Defendants agreed with Plaintiffs' counsel that a motion to ask the Court for a status conference was a prudent idea in light of the pre-trial order. But Defendants dispute Plaintiffs' characterizations of the Rule 26 conference held between the parties and vigorously oppose any attempt by Plaintiffs to expand this litigation beyond necessary, particularly when it is a full eighteen months after Ms. Vargas left Plaintiffs' employ.

2. On December 21, 2018, this Court entered a ruling granting in part and denying in part Defendants' motion to dismiss the Complaint. Dkt. 40. This Court also entered an order setting a final pretrial order date on March 1, 2019, and stating that a trial date of spring of 2019 might be set upon review of the submitted final pretrial order. Dkt. 39. Defendants believe that this Court set this schedule intentionally, and with a recognition that the issues in this case are

narrow, and limited almost entirely to damages (if any) stemming from a very small number (3) of marketing-related emails that Monica forwarded from her Collective Bias email to her personal email before she resigned from Collective Bias.

3. After the holidays, the parties set a Rule 26 conference for January 23, 2019, at 3:00 pm Central Time. On the call were attorneys for Plaintiffs, Justin Kay, Matthew Morrissey and Andrew Porter; attorneys Kristen Hudson and Ryan Haas for Defendant Ms. Vargas; and attorneys Carrie Hall and Daniel Saeedi for Defendant Ahalogy. During the call, Mr. Kay asked if Defendants would agree to a schedule a nine (9) month period for fact discovery with an additional two (2) months for expert discovery. Both Ms. Hall and Ms. Hudson informed Mr. Kay that this Court had already entered an order setting a pretrial date, and that Defendants believed that this Court did so *intentionally* in light of the narrow issues of this case. Mr. Kay disagreed, and claimed that this Court *mistakenly* entered this schedule. The parties agreed that the best course of action was to seek a status date with this Court to ascertain its intention.

4. During the call, Ms. Hall asked Mr. Kay if he had anything else that he wanted to discuss. Mr. Kay informed Defendants' counsel that discussing anything else at this time would be "unproductive." Mr. Kay also informed Defendants' counsel that he would circulate a draft motion for a status date to see if the parties could submit as agreed. Ms. Hudson and Ms. Hall agreed to this reasonable procedure.

5. Rather than circulating a draft motion, as Mr. Kay had promised, instead Mr. Kay signed and filed the instant Motion, and alleged in the Motion that Defendants "refused to cooperate substantively in discussions regarding the parameters of discovery or proposed deadlines." This is not true. Defendants were prepared to address the other topics contemplated by the Court's standing order and Rules 16 and 26, which have nothing to do with the timeframe for discovery. However, Plaintiffs were not. Mr. Kay never informed this Court that he had

terminated the call as "unproductive," nor that he previously promised to circulate his motion to Defendants to see if an agreement could be reached, in accordance with his Rule 26 good faith obligation. For these reasons, Mr. Kay's inaccurate Motion requires the filing of this response to correct the record.

6. Plaintiffs' motion to vacate this Court's pre-trial order deadline should be denied. Rather, Defendants ask that this Court set a status date to discuss this Court's intentions regarding a reasonable schedule that takes into account the narrow and limited issues of this case, the resources of Defendant Ms. Vargas and the fact that the purpose and effect of this case, *as evident from the manner in which Plaintiffs' counsel have handled settlement negotiations,* is to stifle Ms. Vargas from pursuing her occupation freely and raising a living, which the public policy of Illinois overwhelmingly rejects.

WHEREFORE, Defendants respectfully ask that this Court set an initial status date to discuss scheduling, deny the remainder of Plaintiffs' motion and grant any other relief that it deems appropriate.

| | |
|---|---|
| Dated: January 25, 2019 | Respectfully submitted, |
| MONICA MURPHY VARGAS | MLW SQUARED, INC., d/b/a AHALOGY |
| */s/ Kristen E. Hudson* (with permission) | */s/ Daniel R. Saeedi* |
| One of Defendant Monica Murphy Vargas' attorneys | One of Defendant MLW SQUARED's attorneys |
| Kristen E. Hudson (ARDC #6281191) | Carrie A. Hall (ARDC #6269884) |
| khudson@chuhak.com | cahall@taftlaw.com |
| Ryan A. Haas (ARDC #6283020) | Daniel R. Saeedi (ARDC #6296493) |
| rhaas@chuhak.com | dsaeedi@taftlaw.com |
| CHUHAK & TECSON, P.C. | TAFT STETTINIUS & HOLLISTER LLP |
| 30 South Wacker Drive, Suite 2600 | 111 E. Wacker Drive, Suite 2800 |
| Chicago, Illinois 60606 | Chicago, Illinois 60601 |
| Telephone: 312-444-9300 | Telephone: 312-527-4000 |

24216945.3