### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

INMAR, INC. and COLLECTIVE BIAS, INC.,

                                Plaintiffs,

                  -v-

MONICA MURPHY VARGAS and MLW
SQUARED, INC. d/b/a AHALOGY,

                            Defendants.

Case No.: 18cv02306

Judge: Hon. Charles R. Norgle, Sr.

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SET A DATE FOR AN INITIAL STATUS HEARING AND TO ADJOURN THE DEADLINE TO SUBMIT A FINAL PRE-TRIAL ORDER AND JURY INSTRUCTIONS

Plaintiffs Inmar, Inc. and Collective Bias, Inc. (collectively, "Plaintiffs") respectfully submit this Reply in support of their motion to adjourn the deadline to submit a final pre-trial order and jury instructions and instead set a date for an initial status hearing to set discovery deadlines, to establish a discovery plan, and to implement an ESI protocol.

The Response filed by Defendants Monica Murphy Vargas and MLW Squared, Inc. d/b/a Ahalogy in opposition to Plaintiffs' motion demonstrates why Plaintiffs' motion should be granted. While Plaintiffs dispute Defendants' characterization of the so-called Rule 26(f) conference on January 23, 2019 and of the parties' settlement discussions (and submit that it is especially inappropriate to mischaracterize the settlement discussions in order to attempt to gain a litigation advantage), the real issue for the Court to address is the parties' substantive disagreement regarding whether the Court should grant the relief requested by Plaintiffs. The Plaintiffs' position is simple. Now that the Court has decided (and largely rejected) Defendants' motion to dismiss, it is time to establish a discovery schedule for this litigation – as occurs in every civil case in federal courts around the country.

First, as explained in Plaintiff's Motion, Plaintiffs *repeatedly* requested (both via email and during telephone calls) that Defendants participate in scheduling a Rule 26(f) conference in order to commence discovery, and Defendants refused. Pls' Motion ¶ 6. Defendants do not (and cannot) assert otherwise. Had Defendants wished to bring this matter to resolution sooner, they could have agreed to participate in discovery while awaiting this Court's ruling. They cannot now invoke their own delaying tactics as a basis for denying Plaintiffs' Motion.

Second, Defendants' assertion that the issues are "narrow" recycles arguments this Court already rejected. Defendants argued in their motion to dismiss that this case was about "a few emails" and that the litigation was "nothing more than a late attempt to harass Monica's and Ahalogy's ability to engage in fair competition . . . [in violation of] Illinois' strong public policy in disfavoring restrictive covenants." Defs' Motion to Dimiss at 1, 3 (ECF No. 25). Defendants reassert those same arguments here, arguing that this case is about "a very small number (3) of marketing-related emails"[1] and that it is an attempt to "stifle Ms. Vargas from pursuing her occupation . . . [in violation of] the public policy of Illinois." Defs' Opposition at 2, 3 (ECF No. 45). The Court's December 21, 2018 Order addressed and rejected both of those arguments by ruling that this case should proceed.

Consequently, this Court should adjourn the deadline to submit a final pre-trial order and jury instructions and instead set a date for an initial status hearing to set discovery deadlines, to establish a discovery plan, and to implement an ESI protocol.

---

[1] Without discovery, Plaintiffs are unable to determine the extent to which Ms. Vargas pilfered Plaintiffs' trade secrets beyond the emails referenced in Plaintiffs' complaint.

Dated: January 31, 2019                    Respectfully Submitted,

                                           /s/ Justin O. Kay_____

                                           Andrew C. Porter (ARDC No. 6209750)
                                           andrew.porter@dbr.com
                                           Justin O. Kay (ARDC No. 6286557)
                                           justin.kay@dbr.com
                                           Matthew M. Morrissey (ARDC No. 6302575)
                                           matthew.morrissey@dbr.com
                                           **DRINKER BIDDLE & REATH LLP**
                                           191 North Wacker Drive, Suite 3700
                                           Chicago, IL 60606-1698
                                           Tel:    (312) 569-1000
                                           Fax:    (312) 569-3000

                                           *Counsel for Plaintiffs Inmar, Inc. and*
                                           *Collective Bias, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2019, I caused a true and correct copy

of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of

record.

By: /s/ Justin O. Kay